# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51364
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARGENTINA BARRERA-CERVANTES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-1503-3

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Argentina Barrera-Cervantes was convicted by a jury of conspiracy to transport illegal aliens and two substantive counts of transporting an illegal alien. The district court sentenced her to three concurrent 24-month terms of imprisonment followed by three concurrent three-year terms of supervised release.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51364

Now appealing, Barrera-Cervantes argues that her right to confrontation was violated when the district court declared a material witness unavailable and admitted his videotaped deposition testimony at her trial. She contends that, after the witness was returned to Honduras, the Government made only perfunctory efforts to secure his presence at her trial. The Government counters that the district court correctly ruled that the material witness was unavailable and that any error admitting the videotaped testimony was harmless.

"To hold that a Confrontation Clause violation was harmless, we must be convinced beyond a reasonable doubt that the error was harmless in light of the other evidence presented at trial." *United States v. Bedoy*, 827 F.3d 495, 511 (5th Cir. 2016) (internal quotation marks and citation omitted). Whether a confrontation violation is harmless depends upon many factors including "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986). For evidence to be considered cumulative in the context of a confrontation challenge, "substantial evidence [must] support[ ] the same facts and inferences as those in the erroneously admitted evidence." *United States v. Duron-Caldera*, 737 F.3d 988, 997 (5th Cir. 2013) (internal quotation marks and citation omitted).

The videotaped deposition testimony did not undermine Barrera-Cervantes's defense. It did not contradict her trial testimony or that of any other witness. Rather, the videotaped testimony was corroborated at Barrera-Cervantes's trial by the other material witness; a codefendant who testified as

No. 16-51364

a witness for the Government; a codefendant, Barrera-Cervantes's niece, who testified as a defense witness; and by Barrera-Cervantes herself.  In light of the other evidence presented at trial, the Government has demonstrated that any error admitting it was harmless beyond a reasonable doubt.  *See Bedoy*, 827 F.3d at 511; *United States v. Tirado-Tirado*, 563 F.3d 117, 122, 126 (5th Cir. 2009).

AFFIRMED.